**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| ROBERT DONNELL DONALDSON, <br> Appellant, <br><br> v. <br><br> DEPARTMENT OF THE NAVY, <br> Agency. | DOCKET NUMBERS <br> DC-0752-13-1200-B-2 <br> DC-3330-17-0679-I-1 <br><br><br> DATE: June 8, 2023 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Robert Donnell Donaldson, Landover, Maryland, pro se.

Donald J. Thornley, Esquire, and Patricia Reddy-Parkinson, Norfolk,
    Virginia, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

The appellant has filed petitions for review of two initial decisions. The initial decision issued in MSPB Docket No. DC-0752-13-1200-B-2 found that the appellant did not prove his discrimination claim under the Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA), as he failed to

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

proffer any evidence demonstrating that the agency furloughed him in 2013 or failed to provide retention rights due to his military status. The initial decision issued in MSPB Docket No. DC-3330-17-0679-I-1 denied the appellant's request for corrective action under the Veterans' Employment Opportunity Act of 1998 (VEOA), as he did not identify any right under a statute or regulation relating to veterans' preference that the agency violated when furloughing him for 6 days in 2013. Generally, we grant petitions such as these only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in these appeals, we JOIN them.[2] We conclude that the petitioner has not established any basis under section 1201.115 for granting either petition for review. Therefore, we DENY the petitions for review and AFFIRM the initial decisions, which are now the Board's final decisions. 5 C.F.R. § 1201.113(b).

¶2     The appellant filed the same petition for review in these appeals. *Donaldson v. Department of the Navy*, MSPB Docket No. DC-0752-13-1200-B-2, Petition for Review (1200 PFR) File, Tab 1 at 4-5; *Donaldson v. Department of the Navy*, MSPB Docket No. DC-3330-17-0679-I-1, Petition for Review

---

[2] Joinder of two or more appeals filed by the same appellant is appropriate when doing so would expedite processing of the cases and not adversely impact the interests of the parties. *Tarr v. Department of Veterans Affairs*, 115 M.S.P.R. 216, ¶ 9 (2010); 5 C.F.R. § 1201.36(a)(2). The appellant's two appeals here, with the same set of operative facts, meet this criterion and are joined as a result.

(0679 PFR) File, Tab 1 at 4-5. He challenges both initial decisions by claiming that the administrative judge did not cite to proper authority to support the conclusions, failed to address each of his allegations, and did not rule on all material matters. 1200 PFR File, Tab 1 at 4; 0679 PFR File, Tab 1 at 4. There is no requirement that an administrative judge respond to every theory and speculation set forth by an appellant. *Marques v. Department of Health and Human Services*, 22 M.S.P.R. 129, 132 (1984) (stating that an administrative judge's failure to mention all of the evidence of record does not mean that he did not consider it in reaching his decision), *aff'd,* 776 F.2d 1062 (Fed. Cir. 1985) (Table). Initial decisions must contain findings of fact and conclusions of law for the material issues presented in the record, along with the corresponding reasons or bases. 5 C.F.R. § 1201.111(b)(1)-(2); *see Spithaler v. Office of Personnel Management*, 1 M.S.P.R. 587, 589 (1980). Our review concludes that the initial decisions issued in both cases meet this standard.

¶3      In his petition for review and throughout the adjudication of his VEOA appeal, the appellant continuously claimed that an agency officer advised employees prior to the 2013 furlough that "retention rights" would be afforded. 0679 PFR File, Tab 1 at 4-5. However, any mention of "retention rights" by the agency in this setting would not create any additional rights for employees outside of those already contained in laws and regulations.[3] Misinformation is not a valid source of rights. *See Martin v. U.S. Postal Service*, 101 M.S.P.R. 634, ¶ 5 (2006) (holding that an agency misinforming the appellant of her appeal rights did not confer Board jurisdiction where it does not otherwise exist); *see also Office of Personnel Management v. Richmond*, 496 U.S. 414, 416, 434 (1990)

---

[3] Retention rights are applicable during a reduction in force (RIF). *See* 5 C.F.R. §§ 351.501-351.506. Agencies must conduct furloughs of more than 30 days according to the RIF procedures of 5 C.F.R. part 351, and the Board will review such actions to determine whether the agency properly invoked and applied the RIF regulations. *Salo v. Department of Defense*, 122 M.S.P.R. 417, ¶ 6 (2015). As in this case, agencies may conduct a furlough of 30 days or less without following RIF procedures. *Id*.

(holding that that the Government cannot be estopped from denying benefits not otherwise permitted by law even if the claimant was denied benefits because of her reliance on the mistaken advice of a Government official). Here, the appellant did not identify any right under a statute or regulation relating to veterans' preference that the agency violated when furloughing him for 6 days in 2013.

¶4 Accordingly, we affirm the initial decision.

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S.

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case,

and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* <u>42 U.S.C. § 2000e-5</u>(f) and <u>29 U.S.C. § 794a</u>.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

<u>http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx</u>.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. <u>5 U.S.C. § 7702</u>(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. <u>5 U.S.C. § 7702</u>(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

(3) **Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                          /s/ for
                                        Jennifer Everling
                                        Acting Clerk of the Board

Washington, D.C.